JAMES E. BLANCARTE (CA Bar No. 85948)
jblancarte@AlvaradoSmith.com
ROBERT A. RIVAS (CA Bar No. 196744)
rrivas@AlvaradoSmith.com
T. MATTHEW HANSEN (CA Bar No. 231057)
mhansen@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
633 W. Fifth Street, Suite 1100
Los Angeles, CA 90071
Tel: (213) 229-2400
Fax: (213) 229-2499

Attorneys for Claimant
CD TEK, S. DE R. L. DE C. V.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

$401, 055.23 IN FROST NATIONAL BANK FUNDS,

Defendants.

CD TEK, S. DE R. L. DE C.V.,

Claimant.

**CASE NO.:** CV 13-3792 JAK (PJWx)

**ORDER GRANTING PROTECTIVE ORDER**

Plaintiff United States of America ("USA") and claimant CD Tek, S. de R.L. de C.V. (“CD Tek”) (CD Tek and USA may be referred to as the "Party" or the "Parties") have made a stipulated request for a Protective Order Regarding Nondisclosure of Confidential Information (the "Protective Order").

///

///

///

///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

The Court having reviewed and considered the Stipulation For Protective Order filed by the parties in this matter on January 2, 2014, and good cause appearing, the Court finds and ORDERS as follows:

1. The Stipulation for the Protective Order (the "Stipulation") shall govern the designation and handling of confidential documents and information produced in the above-captioned action (the "Action") by any party, non-party person or entity. The Parties acknowledge all provisions are subject to Federal Rule of Civil Procedure ("FRCP") Rule 79 and Central District, Local Rule 79-5.1.

2. Any Party, person or entity (including non-parties) who is required to produce documents or disclose information in connection with this Action (the "Producing Person") may designate as "confidential" any material that the Producing Person, in good faith, believes to contain trade secrets, confidential research, confidential business or financial information, or any other information subject to a legal right to privacy ("Confidential Information").

3. Designation of Confidential Information shall be made at or prior to the time of production of documents by affixing a stamp bearing the word "CONFIDENTIAL" in a prominent location to make the designation readily apparent.

4. Any Confidential Information presented to or filed with the Court shall be placed under seal unless otherwise agreed to by the Producing Person, and shall only be made available to persons authorized by the Stipulation. In the event that, prior to trial, any party wishes to file any motion, declaration, exhibit or other paper containing or referencing any Confidential Information with the Court in this action, the motion, declaration, exhibit or other paper shall be filed provisionally under seal pursuant to the requirements of FRCP Rule 79 and Central District, Local Rule 79-5.1. The party who originally designated the information as Confidential Information shall be obligated to file the required application with the Court if it wishes to keep the document under seal.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

5. Any Confidential Information not reduced to documentary form may be designated as "CONFIDENTIAL" by informing counsel for the Parties in writing that such information is Confidential Information.

6. The Confidential Information and all other information and documents derived therefrom and designated as "Confidential" shall be treated and maintained as confidential by the parties and their counsel and shall not be used by any party or counsel for any business or commercial purpose or in any other administrative, criminal or judicial proceeding other than this Action. The use of Confidential Information shall be limited to the preparation and trial of this Action, the prosecution and defense or settlement of this action, and for any and all appeals, petitions, and/or retrials, or any subsequent or concurrent proceedings or courses of action, if any, and for no other purpose.

7. Confidential Information may be disclosed to the following authorized people/entities:

a. The Court and its staff in this Action (including any clerk, stenographer or other person having access to any Confidential Information by virtue of his or her position with or affiliation with the Court) and in any appeal there from;

b. The jury in this Action (if this case goes to trial);

c. The named Parties in the Action;

d. Counsel of record for the Parties;

e. Partners, associates, secretaries, paralegals, federal and state law enforcement officers, agents, and contractors and other such personnel employed or retained by or working under the supervision of said counsel who are actively engaged in assisting counsel with this Action;

f. Outside consultants, technical advisors, and expert witnesses (whether designated or retained as trial witnesses or not) employed or retained by the Parties or their counsel;

g. Any other person or entity that counsel for the Producing Person agree in writing, or those persons or entities ordered by the Court, shall have access to such Confidential Information;

h. Mediators in connection with the mediation of this Action.

8. Disclosure of any Confidential Information to persons described in subparagraphs 7(f) and 7(g) of the Stipulation shall be solely for evaluation, testing, testimony, preparation for trial, settlement, or other services related to this litigation. Any such person shall sign a statement affirming that he or she has read and understands the Stipulation and agrees to be bound by its terms.

9. The Stipulation shall be without prejudice as to the rights of the Parties or other persons to: (i) bring before the Court at any time the question of whether any particular document or information is or should be Confidential Information, or (ii) present a motion to the Court for a separate protective order as to any particular document, material or information, including restrictions differing from those specified herein. The Stipulation shall not be deemed to prejudice the Parties' rights to apply for modification of the Stipulation.

10. A Party or other person objecting to the designation of Confidential Information shall provide written notice of their objection to the designating Party. The Parties and/or any objecting person(s) shall first meet and confer in good faith in an effort to resolve the objection before resorting to a Court action. Pending a determination by the Court the material in dispute shall be treated as Confidential Information.

11. In the event of an inadvertent disclosure of Confidential Information to an unauthorized person or entity, the Party or person responsible for the disclosure

shall immediately inform counsel for the Parties and shall immediately take all action necessary to secure the return of the Confidential Information.

12. Any inadvertent disclosure or production of any privileged or attorney work product shall be without prejudice to any claims that the document is privileged, and shall constitute neither a waiver of any privilege that may otherwise attach thereto nor a general waiver of such privilege. Upon demand from the Producing Person, all copies of any inadvertently produced document shall be returned to the Producing Person. Such inadvertently disclosed document shall not be introduced into evidence, or otherwise subject to production without the express consent of the Producing Person.

13. Within sixty (60) days after the final disposition of all claims and defenses, by settlement or expiration of time to appeal, all Confidential Information must be returned to the Producing Person or destroyed with written confirmation of such destruction. The provisions of the Stipulation shall continue to be binding after the conclusion of this Action.

14. Nothing in the Stipulation shall prevent any Party from objecting to discovery that it believes, in good faith, to be improper.

15. This Order does not authorize the parties to file any documents under seal. Under Seal filings are governed by Local Rule 79-5.

IT IS SO ORDERED.

DATED: January 03, 2014

By: Patrick J. Walsh

Hon. Magistrate Judge Patrick J. Walsh

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES